164 So. 123

## McBRIDE v. STATE.

### 8 Div. 75.

Court of Appeals of Alabama.
Nov. 5, 1935.

John E. McEachin, of Huntsville, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment as first transcribed in this record failed to show proper authentication, in that it was not indorsed a true bill and did not bear the signature of the foreman of the grand jury. The Attorney General noted this discrepancy and applied to this court for a certiorari directed to the clerk of the lower court to certify and transmit a correct copy of the indictment, together with each and every indorsement thereon. The writ was issued and the returns thereto disclose an indictment, proper in form and substance, and containing the requisite indorsements.

In the indictment this appellant, together with another, one Clifford Lewis, was charged with burglary in the first count, and with the offense of grand larceny in the second count. It was there charged that the two accused men (naming them) feloniously took and carried away from a storeroom, nine sacks of sugar of the value of $5 per sack, the personal property of Huntsville Ice Cream & Creamery Company, a corporation, etc.

Upon arraignment a severance was demanded and granted, and this appellant, Perry McBride, was put to trial upon the indictment aforesaid.

Before pleading to its merits, demurrers were interposed. These demurrers were based upon several grounds. Those relating to the first count need not be discussed as that count was charged out by the court. The court properly overruled the demurrers, as the offense charged was grand larceny; the value of the alleged stolen property being fixed at more than $25 rendered immaterial the place from which the property was stolen, and the words descriptive of said place in the indictment were properly treated as surplusage.

Pending the trial no exceptions were reserved except as to the ruling of the court in denying defendant's motion to exclude the evidence.

The corpus delicti was fully proven by the undisputed evidence, and this evidence also disclosed sufficient incriminatory facts and circumstances to make the question of defendant having committed the offense complained of one for the jury. The property alleged to have been stolen consisted of a large quantity of sugar of a certain brand. It was shown also without dispute that this appellant carried to the home of his kinsman, about daylight one morning, and asked permission to leave in the house, a large quantity of sugar, the same number of 100-pound sacks and the same brand of sugar that had the night before been stolen from the storeroom of the alleged injured party. Car tracks, with tires of the same kind as those on the car of the defendant, were found at the place where the sugar was stolen, and defendant's car was found abandoned some distance from the place where he admittedly left the sugar. These and other facts of similar import made a jury question; hence there was no error in refusing the general affirmative charge requested by defendant, nor in overruling his motion for a new trial.

The accused was afforded every opportunity to explain his possession of the sugar in question, and also his having delivered it to his kinsman's house about daybreak on the morning in question. In this connection he testified that he was in the liquor-making business, and, as stated by him, this was his only avocation. He insisted that he had purchased the sugar in question from a Mr. Condra, and had

purchased large quantities also from Hill's store, and from a Mr. Dobson. The man Dobson was the only witness who testified in behalf of the defendant, other than the defendant himself, and Dobson stated he had sold sugar in large quantities from his store on several occasions, but could give no specific date of any of these alleged sales, and in no manner did testify to facts tending to show that the identical sugar in controversy was sold by him to defendant.

The record in this case as corrected by certiorari, above stated, is regular and without error. No reversible error appears in any ruling of the court. It follows, therefore, that the judgment of conviction from which this appeal was taken must be affirmed. It is so ordered.

Affirmed.